**IT IS ORDERED as set forth below:**

**Date: August 6, 2019**

_____

**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN RE:** | : | **CHAPTER 7** |
| | : | |
| TAYLOR SHAMEER COLLINS, | : | CASE NO. 19-56908-LRC |
| | : | |
| Debtor. | : | |
| _____ | : | |
| | : | |
| TAYLOR SHAMEER COLLINS, | : | CONTESTED MATTER |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| CONVENTRY POINTE ACQUISITION, | : | |
| LP *d/b/a* LANDMARK AT COVENTRY | : | |
| POINTE, | : | |
| | : | |
| Respondent. | : | |

**ORDER DENYING MOTION FOR VIOLATION OF THE AUTOMATIC STAY**

Before the Court is the Debtor's "Motion for Violation of the Automatic Stay" (the "Motion").  (Doc. 18).  Debtor Taylor Shameer Collins, appearing pro se, Cortina Lee, a representative of Respondent Coventry Pointe Acquisition, and Respondent's counsel appeared at a hearing on the Motion on July 25, 2019.  During the hearing, the Court heard testimony from Debtor and Shanita Gray, Debtor's mother.

Debtor rented an apartment from Respondent at 100 Veranda Chase Drive, Apartment 1732, Lawrenceville, Georgia 30044 (the "Premises").  On May 3, 2019, Debtor filed Chapter 7 bankruptcy (the "Petition Date").[1]

During the hearing, Debtor presented evidence that on May 17 and June 17, 2019, Debtor received a statement from Yes Energy Management, instructing Debtor to make payments on rent and utilities charges that Debtor incurred before filing bankruptcy (the "Statements").  Exhibits D-1, D-2, admitted by stipulation (Docs. 18, at 3-4).  Yes Energy Management is a third-party billing company that works on behalf of Respondent.[2]

Debtor testified that receiving the Statements caused her distress because she was under the impression that her creditors were not supposed to contact her while this case was pending.

---

[1] This was Debtor's second filing within one year.  Her previous Chapter 7 petition was filed on December 18, 2018, and was dismissed on January 1, 2019, due to Debtor's failure to pay her filing fee.  (*In re Collins*, Case No. 18-71191-LRC (Bankr. N.D. Ga. Dec. 18, 2018), Docs. 1, 11).

[2] Both Yes Energy Management and Respondent were included in Debtor's List of Creditors, filed with the Court on May 3, 2019.  Both companies were mailed a notice of Debtor's meeting of creditors on May 8, 2019.

As a preliminary matter, the only potential violation of the automatic stay is the first

Statement, which was dated May 17, 2019.   Under 11 U.S.C. § 362(c)(3):

> [I]f a single or joint case is filed by or against a debtor who is an individual
> in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor
> was pending within the preceding 1-year period but was dismissed . . .
>
> (A) the stay under subsection (a) with respect to any action taken with respect
> to a debt or property securing such debt or with respect to any lease shall
> terminate with respect to the debtor on the 30th day after the filing of the
> later case.

Here, because Debtor's previous Chapter 7 case was dismissed within one year

before the Petition Date, the automatic stay expired on June 4, 2019.   The second

Statement, dated June 17, 2019, was issued after the stay had terminated and, therefore,

did not violate the automatic stay.

The first Statement, on the other hand, was delivered while the automatic stay was

still in effect.   Under 11 U.S.C. § 362(a), filing bankruptcy stays any action to collect a

prepetition debt.   The automatic stay prohibits, among other things, "any act to collect,

assess, or recover a claim against the debtor that arose before the commencement of the

case under this title."   11 U.S.C. § 362(a)(6).   The automatic stay is "one of the

fundamental debtor protections provided by bankruptcy laws."  *Roche v. Pep Boys (In re*

*Roche)*, 361 B.R. 615, 621 (Bankr. N.D. Ga. 2005).   Thus, the Bankruptcy Code provides

that "an individual injured by any willful violation of a stay provided by this section shall

recover actual damages, including costs and attorneys' fees, and, in appropriate

circumstances, may recover punitive damages." 11 U.S.C. § 362(k).

3

To recover damages for a violation of the automatic stay, the debtor must demonstrate that she was injured by a willful violation of the automatic stay.  *See Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1268 n.8 (11th Cir. 2014) ("Only individuals who have been injured may recover damages under § 362(k)."); *Sciortino v. Gwinnett County Dep't of Water Res. (In re Sciortino)*, 561 B.R. 569, 580 (Bankr. N.D. Ga. 2016). Though emotional distress is a compensable injury, an allegation "must be supported by 'specific information,' rather than 'generalized assertions.'"  *Lodge*, 750 F.3d at 1270 (quoting *Young v. Repine (In re Repine)*, 536 F.3d 512, 521 (5th Cir. 2008)).   For example, in *Lodge*, the Eleventh Circuit held that the debtors' testimony that they were "'stressed out' and had difficulties interacting with one another and their children" was insufficient to show the debtors suffered significant emotional distress.  *Id.* at 1272.

In the instant case, the only evidence Debtor put forward to support her claim that she suffered any injury was her testimony that she had been violated "by receiving bills underneath the time when the stay was not lifted."  (For the Record ("FTR"), at July 25, 2019, 12:12 PM).  Such a generalized assertion falls below what the Eleventh Circuit rejected in *Lodge* and is, therefore, insufficient to support Debtor's allegation that she was injured by Respondent's violation of the automatic stay.   Accordingly,

**IT IS HEREBY ORDERED** that the Motion is **DENIED**. The Clerk is **DIRECTED** to serve a copy of this Order on the Debtor, the Chapter 7 Trustee, the United States Trustee, and all creditors.

**END OF DOCUMENT**